United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIGUEL EDUARDO LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06401** |
| | § | |
| **RANDY TATE,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

This case, like thousands of others filed in recent months, asks if the writ of habeas corpus is available to a person who illegally entered the United States to secure his or her release during the pendency of their removal proceedings. The answer, in this case, is no.

Petitioner Miguel Eduardo Lopez is a citizen of El Salvador. (Dkt. No. 5-1 at 1). The Respondent states that "[p]etitioner entered without inspection on an unknown date," but also provides a document that states Lopez "entered the United States on or about December 29, 2004, at or near Roma, Texas, without inspection." (Dkt. Nos. 5 at 2; 5-1 at 16). In any event, Lopez was taken into custody by Immigration and Customs Enforcement on July 2, 2026. (Dkt. No. 5 at 2). Randy Tate is sued in his official capacity

as Warden of the Montgomery Processing Center. As custodian of Lopez, Tate is the proper respondent and will generally be referred to as "the Government."[1]

Pending is a petition for a writ of habeas corpus, by which Lopez challenges his detention without a bond hearing. (Dkt. No. 1 at 8). He asks that this Court "order an individualized bond hearing where the circumstances of his case may be fully considered." (Dkt. No. 1 at 12).

The Government has moved for summary judgment. (Dkt. No. 5 at 1). The Government contends that Lopez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*). And although Lopez does not expressly raise a due-process argument, the Government also addresses whether his detention violates substantive or procedural due process. (Dkt. No. 5 at 5-7).

Lopez is being held in accordance with the law, and he is not entitled to the bond hearing he seeks. As such, his motion for a writ of habeas corpus is denied. As the Government argues he is subject to mandatory detention and no due process violation exists. His detention under 8 U.S.C. § 1225 is constitutional. Accordingly, his Petition is **DENIED**. (Dkt. No. 1). The Government's motion for summary judgment is **GRANTED**. (Dkt. No. 5).

---

[1] In a footnote, the Government states "it is the originally named federal respondents, not the named warden in this case, who make the custodial decisions regarding aliens detained in immigration custody." (Dkt. No. 5, at 1, n.1). It may be that someone other than Randy Tate makes the ultimate custodial decision in Lopez's immigration case, but Lopez has not named anyone other than Randy Tate as a respondent. There are no "originally named federal respondents" to speak of. Because the Government has replied on behalf of Warden Tate, this Court will consider its response.

## I. BACKGROUND

According to Department of Homeland Security documents provided by the Government, Lopez entered the United States "on or about December 29, 2004, at or near Roma, Texas, without inspection." (Dkt. No. 5-1 at 16). In November 2017 Immigration and Customs Enforcement (ICE) received notice that Lopez had been arrested and was in the Harris County Jail.[2] (*Id.* at 2). A criminal history check revealed that Lopez had been arrested for aggravated assault the month prior and convicted for aggravated assault with a weapon nearly a year prior in January of 2016. (*Id.*). Lopez served six months' imprisonment. (*Id.*). After his prison sentence, Lopez was issued a Notice to Appear, (*Id.* at 6–7) and released on a $2,500 bond. (*Id.* at 8–14). His November 2017 aggravated assault charge was eventually dismissed. (*Id.* at 2).

During a traffic stop near Schulenburg, Texas, on June 2, 2026, Lopez was detained by ICE. (*Id.*). At that time, the Notice to Appear from 2017 was still pending. (*Id.* at 16). Lopez was given a Notice of Internet-Based Hearing scheduled to take place on August 31, 2026. (*Id.* at 19–20).

Lopez filed his petition for a writ of habeas corpus on August 6, 2026, in which he argues that he is entitled to an "individualized bond hearing" during his removal proceedings. (Dkt. No. 1 at 8).

The Government has responded. (Dkt. No. 5). The Government argues that the petition should be denied because "[p]etitioner is subject to mandatory detention under

---

[2] The provided document states that Lopez was "encountered by Harris County Jail in Harris County, CA." (Dkt. No. 5-1 at 2). There is no Harris County in California.

8 U.S.C. § 1225(b)(2)." (*Id*. at 1). The Government asserts that this conclusion is "required under controlling precedent" and "the Petition fails to demonstrate any due process violation." (Dkt. No. 5 at 1, 5).

A search of the ICE Online Detainee Locator System confirms that Lopez is detained at the Montgomery ICE Processing Center in Conroe, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/ odls/#/search (last visited Sept. 28, 2026). The facility is in Montgomery County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## II. LEGAL STANDARDS

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004). The writ "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id*. A district court may grant a writ of habeas corpus if a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. Exhaustion of Remedies

Neither party addresses "the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). Exhaustion of remedies, however, is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Here, Lopez has received a Notice to Appear and is in the middle of the removal process. Lopez has not presented any evidence that he pursued administrative remedies related to his request for a bond hearing before filing this suit.

Even assuming Lopez was required to exhaust administrative remedies, further exhaustion would be futile. In *Matter of Yajure Hurtado*, the Board of Immigration Appeals ("BIA") issued a precedential decision holding that, regardless of how long an alien has been present in the United States, immigration judges lack authority to hear bond requests or grant bond to aliens present in the United States without admission under 8 U.S.C. § 1225(b)(2)(A). 29 I.&N. Dec. 216, 225 (BIA 2025). Published BIA

decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2). Thus, unlike in *Fuller*, where the Fifth Circuit explained that it could not know what the administrative appeals board would do until it had been given an opportunity to act, *see* 11 F.3d at 62, the BIA has already resolved the precise legal issue Lopez would present in seeking a bond hearing.

Even if Lopez were to appeal a future adverse removal order to the BIA, or the denial of bond at present, he challenges his current detention on constitutional grounds. Such a challenge falls outside the jurisdiction of the BIA. *Falek v. Gonzales*, 475 F.3d 285, 291 n. 4 (5th Cir. 2007) (explaining "there is no dispute that the BIA has no power to adjudicate constitutional claims").

Accordingly, requiring Lopez to pursue administrative remedies would be patently futile, and his failure to do so does not preclude consideration of the merits.

### B. Lopez Is Subject To Mandatory Detention Under Section 1225(b)(2)(A).

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), the Fifth Circuit held that "noncitizens that enter without inspection are subject to mandatory detention." That holding controls here.

Based on that binding authority, Lopez's detention is authorized by the plain language of the mandatory detention provision in 8 U.S.C. § 1225(b)(2). Section 1225(b)(2)(A) provides: "In the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly

and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."

In *Buenrostro-Mendez*, the Fifth Circuit held that aliens like Lopez fall squarely within the ambit of Section 1225(b)(2). 166 F.4th at 498. The *Buenrostro-Mendez* decision involved two consolidated cases where the aliens both entered the United States illegally. *Id*. at 500. The aliens had evaded immigration enforcement officials for many years. *Id*. When ICE encountered them in 2025, they determined that each alien was present in the United States without having been admitted or paroled. *Id*. The aliens were then detained under 8 U.S.C. § 1225(b)(2). *Id*. The Fifth Circuit held that the Government correctly applied the mandatory detention provision of 8 U.S.C. § 1225(b)(2) to the aliens because they were "applicants for admission," who were "seeking admission," and who were "not clearly and beyond a doubt entitled to be admitted" into the United States. *Id*. at 499, 506.

Lopez's case cannot be meaningfully distinguished from *Buenrostro-Mendez*. Lopez is an alien present in the United States who entered the country unlawfully without being admitted or paroled. (Dkt. No. 5-1 at 1). An alien "present in the United States who has not been admitted" is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an "applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Lopez does not contend that he is "clearly and beyond a

doubt entitled to be admitted." Therefore, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[3]

## IV. CONCLUSION

There is no genuine issue as to any material fact in this case. As explained above, the Government is entitled to judgment as a matter of law. Miguel Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **DENIED** with prejudice. (Dkt. No. 1). The Government's Motion for Summary Judgment is **GRANTED**. (Dkt. No. 5).

It is SO ORDERED.

Signed on October 1, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[3] This Court explained in detail in a nearly identical case that the petitioner's detention in ICE custody did not violate either procedural or substantive due process. Lopez does not expressly raise a due-process claim in this case. But to the extent his Petition can be read to raise such a claim, the Court rejects it for the reasons explained in *Gonzalez-Buenestro v. Mullin*, *et. al.*, No. 4:26-CV-06343, 2026 WL 2915092, at *8–11 (S.D. Tex. Sept. 25. 2026).